FRUGÉ, Judge.
This is a tort action which arises out of an intersectional collision involving an automobile driven by the wife of plaintiff and an automobile driven by defendant’s insured. The plaintiffs seek to recover damages for personal injuries, loss of earnings and special damages. Judgment was rendered in favor of plaintiffs. Plaintiffs have appealed, seeking an increased award for personal injuries and seeking to recover alleged loss of profits. We affirm and amend.
This action arises out of an automobile accident which occurred on May 26, 1973, at the intersection of U.S. Highway 171 and Louisiana Highway 112, just south of DeRidder, Louisiana. Mrs. Mary J. Man-gano was traveling north on Highway 171, the superior highway toward DeRidder. Mr. Fred W. Patterson was approaching the intersection on Highway 112 and was faced with a stop sign. The trial court found that Mr. Patterson failed to yield the right of way upon reaching the intersection and struck the right rear of the Mangano vehicle with the right front of his vehicle. The defendants have not appealed nor answered.
The plaintiffs specify as error the failure of the trial court to award Mrs. Man-gano loss of earnings from her business. Plaintiffs also contend that the damages *222 awarded for personal injuries, including physical and emotional, were inadequate and should be increased.
The trial court denied the plea of plaintiff for the loss of future and anticipated earnings of the business on the grounds that they were based upon conjecture and speculation rather than actual proof of loss. The documentary evidence introduced in an attempt to establish the plaintiffs claim for loss of earnings, indicates the plaintiff commenced the operation of a clothing business, called Family Discount Store in April of 1971. The joint Federal Income Tax Return filed by the parties reflects a net business loss for 1971 of $803.00. During the year 1972 through November, when the business was sold, the gross sales of the business averaged less than $2,000 per month. A copy of the 1972 Federal Income Tax Return of the parties indicates a net loss of $6,933.00 for the year. The period of time during which Mrs. Mangano contends she was unable to attend to her business actually reflects an increase in gross sales during those months. The evidence does not reflect that a profit was being made in the operation of the business.
The plaintiffs also contend that as a result of the wife’s injury they were unable to continue the operation of the business and were forced to sell the merchandise inventory at a loss. The sale was transacted for the sum of $10,000. The parties contend that the merchandise sold was inventoried at approximately $19,000, resulting in a net loss of $9,000. No physical inventory of the merchandise was produced. The parties’ 1972 Federal Income Tax Return states that the inventory at the end of the year, (at the time of the sale) was $10,000. This inventory coincides exactly with the sale price of $10,000. Tax return reflects no gain or loss reportable on the sale of the merchandise inventory. We find that the trial court was correct in disallowing the plaintiff’s claim.
The trial court awarded Mrs. Mangano $2,250 for cervical and lumbar myofascial sprain, and $1,500 for depressive reaction. As head master of the community special damages stipulated by counsel of $1,329.20 were awarded to Mr. Mangano. Plaintiffs complain the awards to Mrs. Mangano by the trial court were inadequate and should be increased.
Mrs. Mangano’s major physical complaints were pain in her head, neck and back. She was examined by her family physician, Dr. Henry S. Carter, shortly after the accident occurred. Dr. Carter noted tenderness of the cervical lumbar and dorsal areas of the back. There were no muscle spasms. There were no lacerations or significant arbasions or contusions, nor was there any head injury. X-rays revealed the presence of certain hy-pertrophic changes in the vertebra, including spurring, indicating some arthritis. Dr. Carter diagnosed Mrs. Mangano’s injuries as cervical and lumbar myofascial strain with secondary encephalalgia, or headaches. She was hospitalized from May 26 until June 12, 1972. She was treated with analgesics and muscle relaxants. She was given physical therapy in the form of ultra-sound and diathermy five days per week. No traction was administered.
Upon her discharge on June 12, Dr. Carter stated he was of the opinion that her disability would be temporary and that there would be no disfigurement although she would be uncomfortable for a while. Dr. Carter noted at the time of her discharge that the patient had become asymptomatic. Dr. Carter’s characterization of the injuries were mild to moderate and of short duration. Mrs. Mangano was seen by Dr. Carter four subsequent times and was last seen on August 16, 1972. Dr. Carter felt she could return to work in July.
Mrs. Mangano was examined by two orthopedic surgeons, neither of whom found objective symptoms of physical disability which could be related to her complaints. Dr. Edward W. Phillips stated that he accepted Mrs. Mangano’s complaints of pain as correct and assumed that she did have *223 pain. His examination was performed on July 24, 1972, at which time he felt that Mrs. Mangano had sustained mild cervical and low back sprain. Dr. Phillips was of the opinion that the patient had difficulty separating her business problems from her medical problems. He felt her complaints of pain were related more to her emotional problems and anxiety.
Dr. William G. Akins, Jr. examined Mrs. Mangano at her request. His opinion was that her physical condition was related to an emotional overlay which caused her to exaggerate matters all out of proportion, but he accepted her complaints of pain to be true. He stated the injury based on her subjective complaints was mild.
The trial judge’s conclusion that the plaintiff suffered from a mild to moderate cervical and lumbar myofascial sprain would disable her temporarily and cause her some degree of discomfort was essentially correct. The award of $2,250 while within the lower range of the trial court’s discretion does not constitute an abuse of that discretion. A comparison of similar awards would serve no purpose.
The plaintiff also complains- that the award for $1,500 for depressive reaction suffered by plaintiff was inadequate. Mrs. Mangano was examined by Dr. Gilíes R. Morin, a psychiatrist. This examination was for the purposes of this litigation only and was scheduled by Mrs. Mangano’s attorney for February 7, 1973. Dr. Morin’s examination consisted of a 50-mi'nute question and answer period during which Mrs. Mangano was asked to relate her problems to the psychiatrist. Dr. Morin’s diagnosis was that Mrs. Mangano was suffering from a depressive reaction which was characterized as mild. Mrs. Mangano indicated to Dr. Morin that she had suffered a substantial monetary loss as a result of the accident and that she felt her car had not been correctly repaired. This depressive reaction, Dr. Morin stated, was triggered by the accident and was really a generalized anger over the accident.
Dr. Morin indicated that he felt Mrs. Mangano was mentally able to return to work at the time of his examination. He felt her recovery would be affected as soon as the anger diminished. Since she was capable of driving to Lake Charles unaccompanied and could attend to her household duties, Dr. Morin felt the emotional problems were not too severe. Dr. Morin felt that no further treatment was necessary nor did he recommend further psychiatric evaluation. Dr. Morin stated that the fact that Mrs. Mangano failed to outline her previous history of depression and other problems would not change the diagnosis, but would aid him in assessing her character.
The trial court’s award, although within the lower limits of discretion, again does not constitute an abuse of that discretion. We are unable to increase the award in absence of abuse of the “much discretion” afforded the trial judge in his award for damages.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant’s costs.
Affirmed.